<u>**CLOSING**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

August 11, 2015

<u>VIA ECF</u>
All Counsel of Record

<u>**LETTER OPINION & ORDER**</u>

Re:   Keon Hee Lee v. BSI Financial Services, et al.
<u>      Civil Action No. 15-1797</u>

Dear Counsel:

The Court is in receipt of your motions to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6), dated March 18, 2015, and April 4, 2015, respectively [Dkt. Nos. 3, 9]. For the reasons set forth below, the motions are **GRANTED**.

**I.   BACKGROUND**

Plaintiff Keon Hee Lee sues Defendants to quiet title in his property and to recover damages for conversion. Defendant Bank of America is the original lender for Plaintiff's mortgage. Compl. ¶ 6, Dkt. No. 1-1. Defendant BSI Financial Services is a national mortgage lender. Id. ¶ 8. Defendant Ventures Trust 2013-I-H-R(S3) ("Ventures") is a Real Estate Mortgage Investment Conduit or Trust. Id. ¶ 18. OHA Newbury Ventures is a financial institution that controls Ventures. Id. ¶¶ 15, 17.

Plaintiff received a loan (the "Loan") from Defendant Bank of America on May 13, 2009, for the purchase of the property located at 70 Lakeview Drive, Unit 70, Old Tappan, New Jersey 07675. Id. ¶¶ 5, 10. The Loan was secured with a mortgage (the "Mortgage") with a closing date of May 13, 2009, on the same property. Id. ¶¶ 5, 13. Plaintiff alleges that Bank of America secretly transferred the Loan to Defendant OHA Newbury Ventures LP on May 13, 2009. Id. ¶ 17. Defendants also ostensibly relied on forged mortgage assignments to transfer the Mortgage and place the Mortgage in a mortgage-backed security. Id. ¶¶ 27-29. Bank of America notified Plaintiff that he had defaulted on his payments and that they intended to foreclose on Plaintiff's property; Plaintiff does not specify the date of the notice. Id. ¶ 32. Plaintiff filed a Complaint seeking to quiet title in the property in the Superior Court of New Jersey in Bergen County on January 9, 2015. Id. ¶ 1. The matter was removed to this Court on March 11, 2015.

In Count I, Plaintiff seeks to quiet title, claiming that (1) the initial documents obscured the identity of the funder of the Loan and (2) subsequent assignments of Plaintiff's Mortgage were improper. In Count II, Plaintiff alleges that Defendants committed conversion. Id. ¶¶ 13, 14, 17.

He now seeks annulment of all Defendants' interests in the property, compensatory damages, and attorney's fees. Id. ¶ 10. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss on the pleadings, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id.

The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

### A. Plaintiff's Quiet Title Claim

Plaintiff's first count is a claim to quiet title in his property. New Jersey law allows a plaintiff to maintain an action to quiet title when there are competing claims to an interest in the property. N.J. Stat. Ann. § 2A:62-1 (West). An action to quiet title will determine who has title to the land and "clear up all doubts and disputes about the same." Id. Plaintiffs must allege facts showing that a defendant's competing interest is wrongful. English v. Fed. Nat'l Mortg. Ass'n, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013).

Plaintiff argues that (1) Defendants deliberately obscured the lender of the Loan in the initial Loan documents, which made the Mortgage invalid, and (2) subsequent improper assignments of the Loan render the Defendant's interest invalid. See Compl. ¶¶ 13, 14, 42. The Court disagrees for two reasons.

First, an examination of the Loan and Mortgage documents clearly shows Bank of America is the lender and MERS is the holder of the Mortgage. See Loan, Dkt. No. 3-2, Ex. A; Mortgage, Dkt. No. 3-2, Ex. B. Though a court generally may only consider pleadings when deciding a motion to dismiss, see Fed. R. Civ. P. 12(d), a court can consider documents essential to or explicitly relied upon in the complaint. See In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). The Loan and Mortgage documents are essential to and explicitly relied upon in the Complaint, so they may be considered here. They clearly identify the owner of the Mortgage and funder of the Loan.

Second, Plaintiff's allegations do not support a quiet title claim. Plaintiff provides only a single conclusory allegation: "The mortgage instrument . . . obscured the truth as the true identities of the funders of the loan." Compl. ¶ 13. But a dispute over which lender controls the Mortgage cannot support Plaintiff's claim to ownership in fee simple of the property. See Cabeza v. Fed. Home Loan Mortg. Corp., No. 15-1589, 2015 WL 2226024, at *4 (D.N.J. May 12, 2015) (dismissing quiet title claim based on allegation that assignment of mortgage was invalid)

(citing Schiano v. MBNA, No. 05-1771, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013)). Plaintiff is not one of the alleged owners of the Mortgage. Therefore, none of Plaintiff's allegations state a claim for quiet title.[1]

### B. Plaintiff's Conversion Claim

Plaintiff's second count claims that Defendants committed the tort of conversion by wrongfully interfering with his right to possess the property in question. See Compl. ¶¶ 47-48. "The tort of conversion is the wrongful exercise of dominion and control over property owned by another in a manner inconsistent with the owner's rights." Advanced Enter. Recycling, Inc. v. Bercaw, 376 N.J. Super. 153, 161 (App. Div. 2005). Plaintiff does not plead a plausible claim for conversion here. There are no facts given to support the claim that Defendants have committed conversion; Plaintiff does not claim that Defendants have done anything to interfere with possession of the property. In fact, Plaintiff acknowledges that he is in peaceable possession of the property in question. See Compl. ¶ 37. Plaintiff therefore fails to plead a plausible claim of conversion.

### IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are **GRANTED**. Dismissal shall be with prejudice. This matter shall be closed.

**SO ORDERED**.

*s/ Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that Plaintiff received the funds to purchase the property from Defendants. See Compl. ¶ 10. In fact, there are no allegations that Defendants failed to fulfill any of their obligations under the terms of the Loan.